IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL XAVIER BRYANT,<br><br>                            Petitioner,<br><br>     v.<br><br>W. MUNIZ,<br><br>                            Respondent. | Case No. 1:16-cv-00190 MJS (HC)<br><br>**FINDINGS AND RECOMMENDATION TO DENY MOTION TO STAY PETITION WITHOUT PREJUDICE**<br><br>**FINDINGS AND RECOMMENDATION TO DENY MOTION FOR RECONSIDERATION OF MOTION TO APPOINT COUNSEL WITHOUT PREJUDICE**<br><br>**ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT COURT JUDGE TO THE PRESENT MATTER**<br><br>**(Doc. 16)** |

## I.    <u>INTRODUCTION</u>

Petitioner is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges a February 13, 2013 conviction from the Kern County Superior Court for first degree murder, attempted murder, shooting at an inhabited dwelling, and various firearm and gang enhancements. (Pet., ECF No. 1.) In the petition, it appears that Petitioner is presenting five claims for relief based on claims previously presented to the state courts in his direct appeals to the California Court of Appeal and California Supreme Court. (<u>See</u> Pet.)

On February 11, 2016, the Court screened the petition, and ordered Respondent

1

to file a response to the petition within sixty (60) days. On April 6, 2016, Respondent requested an extension of time, and the Court granted Respondent an additional thirty (30) days to respond on April 8, 2016. (ECF Nos. 14-15.)

In the petition, Petitioner asserted that all of the claims were previously exhausted in state court. (See Pet. at 5.) However, Petitioner now moves the Court to stay the petition so that he can include two additional claims he has yet to exhaust in state court: (1) that the trial court erred in failing to give the jury instructions on manslaughter and heat of passion as the victim attacked and broke Petitioner's jaw prior to Petitioner shooting the victim, and (2) that counsel was ineffective for failing to request manslaughter instructions for the same reasons. (Mot. at 2.)

Petitioner asserts that he can submit this issue to the California Supreme Court and submit an amended petition with this Court within thirty (30) days. (Id.)

## II. LEGAL STANDARDS

### A. Exhaustion of State Remedies

The exhaustion of available state remedies is a prerequisite to a federal court's consideration of claims presented in habeas corpus proceedings. See Rose v. Lundy, 455 U.S. 509, 102 S.Ct. 1198, 71 L. Ed. 2d 379 (1982); 28 U.S.C. § 2254(b). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir.2000), amended, 247 F.3d 904 (2001). In Duncan, the United States Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "'opportunity to pass upon and correct alleged violations of the prisoners' federal rights" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366. The Ninth Circuit examined the rule further, stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court *unless he specifically indicated to that court that those claims were based on federal law*. See Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the *petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident,"* Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. Hiivala v. Wood, 195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .
>
> In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

Lyons, 232 F.3d at 668-669 (italics added).

**B.   Stay and Abeyance**

A court may stay a petition and hold it in abeyance pursuant to either Kelly v. Small, 315 F.3d 1063 (9th Cir. 2002), or Rhines v. Weber, 544 U.S. 269, 125 S. Ct. 1528, 161 L. Ed. 2d 440 (2005). See King v. Ryan, 564 F.3d 1133, 1135 (9th Cir. 2009). Kelly and Rhines set out different procedures and requirements for imposing a stay. Under Kelly, the petitioner amends his petition to delete any unexhausted claims. The court then stays and holds in abeyance the amended, fully exhausted petition, allowing the petitioner the opportunity to proceed to state court to exhaust the deleted claims. Id. (citing Kelly, 315 F.3d at 1070-71.) Later, the petitioner amends his petition to add the newly-exhausted claims to the original petition. Id. Under Rhines, a petitioner must meet

three pre-conditions for a stay of a mixed petition: (1) a finding of good cause for petitioner's failure to exhaust all his claims before filing his habeas action; (2) a finding that the unexhausted claims are potentially meritorious; and (3) no indication that the petitioner engaged in intentionally dilatory tactics. Rhines, 544 U.S. at 278. If all three preconditions exist, the court should stay the habeas case and hold it in abeyance, leaving the mixed petition intact while the petitioner returns to state court to present his unexhausted claims.

The Ninth Circuit has found that "'a motion to stay and abey section 2254 proceedings' to exhaust claims 'is generally (but not always) dispositive of the unexhausted claims,'" and that Magistrate judge must present findings and recommendations to a District Court Judge, rather than rule on the motion. Bastidas v. Chappell, 791 F.3d 1155, 1163 (9th Cir. 2015); Mitchell v. Valenzuela, 791 F.3d 1166, 1173-74 (9th Cir. 2015).

**III.    ANALYSIS**

Petitioner has asked to stay this case and hold it in abeyance to allow him to attempt to exhaust two new claims. These claims have yet to be presented to the state court for review and are not yet included in his federal habeas petition.

The Court is not capable of granting a stay at this time. The stay procedures only apply to mixed petitions containing both exhausted and unexhausted claims. See Rhines, 544 U.S. at 278. Further, "district courts must provide habeas litigants with the opportunity to amend their mixed petitions by striking their unexhausted claims." Jefferson v. Budge, 419 F.3d 1013, 1016 (9th Cir. 2005).

The instant petition is not a mixed petition. It appears to contain only exhausted claims. Petitioner must first move to amend the petition and file with this Court a petition which includes the claims originally presented and the new, unexhausted claims. Upon presenting the Court with a mixed petition and a motion to stay the mixed petition, the Court will consider the motion to stay and if it finds that the conditions for granting a stay are met, may grant the motion to stay.

Petitioner is not now entitled to a stay. The Court denies the motion to stay without prejudice to Petitioner amending his federal petition and filing a renewed motion to stay the petition. Further, the Court notes that the filing of the instant federal habeas petition does not toll the one year statute of limitations deadline for the unexhausted claims. Should Petitioner wish to preserve his right to present the unexhausted claims in this Court, he should move to amend, and present an amended petition with this Court as soon as possible. [1] [2]

## IV. RECONSIDERATION OF DENIAL OF MOTION TO APPOINT COUNSEL

Petitioner has requested the Court to reconsider the denial of the motion to appoint of counsel. There currently exists no absolute right to appointment of counsel in habeas proceedings. See, e.g., Anderson v. Heinze, 258 F.2d 479, 481 (9th Cir. 1958); Mitchell v. Wyrick, 727 F.2d 773, 774 (8th Cir. 1984). However, Title 18 U.S.C. 3006A(a)(2)(B) authorizes the appointment of counsel at any stage of the case if "the interests of justice so require." See Rule 8(c), Rules Governing Section 2254 Cases.

In the motion for reconsideration, Petitioner notes he is in the developmental disability program, and requires help with reading, writing, and understanding written documents. The Court is cognizant of the difficulties Petitioner may encounter based on his disabilities, but notes that with the assistance he is currently getting from others, he appears to be adequately represented at this stage of the proceeding. Should the Court proceed to the review the merits of the petition, and determine that Petitioner would be substantially aided by counsel, the Court may review its decision to appoint counsel either *sua sponte* or by way of a renewed request from Petitioner.

---

[1] It would also be to Petitioner's benefit to proceed to present the unexhausted claims to the state court for review without delay.

[2] While it is not the province of the Court to dispense legal advice, the Court has a "duty to ensure that *pro se* litigants do not lose their right to a hearing on the merits of their claim due to ignorance of technical procedural requirements." Chess v. Dovey, 790 F.3d 961, 971 (9th Cir. 2015) (citing Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990)). Such concerns are apparent here, where Petitioner suffers from developmental disabilities that might impair his ability to address the technical issues raised by the Court.

In the present case, the Court does not find that the interests of justice require the appointment of counsel at the present time. Accordingly, the Court recommends that Petitioner's motion to reconsider the denial of the motion to appoint counsel be denied without prejudice.

## V. RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that the motion to stay the petition for writ of habeas corpus and the motion to reconsider the denial of the motion to appoint counsel be DENIED without prejudice. Further, the Court ORDERS the Clerk of Court to assign a District Court Judge to the present matter.

These Findings and Recommendations are submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within fourteen (14) days after being served with a copy, Petitioner may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated: April 26, 2016         /s/ *Michael J. Seng*
                              UNITED STATES MAGISTRATE JUDGE