IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL XAVIER BRYANT,<br><br>                Plaintiff,<br><br>   v.<br><br>W. MUNIZ,<br><br>                Defendant. | 1:16-cv-00190 DAD MJS HC<br><br>**ORDER GRANTING PETITIONER'S MOTION TO EXTEND TIME TO FILE AN OPPOSITION TO THE FINDINGS AND RECCOMENDATION (Doc. 18)**<br><br>**ORDER GRANTING PETITIONER'S MOTION TO AMEND THE PETITION (Doc. 19)** |

    Petitioner is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

    Petitioner filed the instant petition for writ of habeas corpus on February 8, 2016. (Pet., ECF No. 1.) On April 21, 2016, Petitioner filed a motion to stay the petition to allow Petitioner to exhaust new claims in state court and file an amended petition containing the additional claims. (Mot. to Stay, ECF No. 16.) On April 27, 2016, the Court issued findings and a recommendation to deny the motion to stay without prejudice. (F&R, ECF No. 17.) On May 9, 2016, Petitioner filed a motion for extension of time to file an

1

1  opposition to the findings and recommendation. (ECF No. 18.)

2  Upon Petitioner's showing of good cause, the motion for extension of time is
3  GRANTED. Petitioner shall have an additional thirty (30) days from the date of issuance
4  of this order to file his opposition.

5  Additionally, on May 9, 2016, Petitioner filed a motion to amend along with a
6  declaration in support of the motion to amend. (ECF Nos. 19, 20.) Rule 15(a) of the
7  Federal Rules of Civil Procedure provides, in relevant part:

> **(1) Amending as a Matter of Course.** A party may amend its pleading once as a matter of course: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

11  Petitioner may amend as a matter of course up to 21 days after a responsive
12  pleading or motion is filed. At the time of filing the motion to amend, Respondent had yet
13  to file a response. Accordingly, Petitioner's motion to file an amended petition is
14  GRANTED. However, upon filing the amended petition, Respondent will have the
15  opportunity to present procedural challenges to any newly added claims, including failure
16  to exhaust state remedies or the expiration of the one year limitations period if
17  applicable. Petitioner is also advised that to the extent that the new amended petition
18  contains unexhausted claims, Petitioner must file a renewed motion to stay the petition
19  and meet the procedural requirements of a stay to prevent dismissal of the unexhausted
20  claims.

21  Accordingly, the Court hereby ORDERS Petitioner to file an Amended Petition
22  within thirty (30) days of the date of service of this order.

23  Petitioner is forewarned that Rule 2 of the "Rules Governing Section 2254 Cases"
24  provides that the petition "... must specify all the grounds for relief available to the
25  petitioner; state the facts supporting each ground; state the relief requested..." Rule 2 of
26  the Rules Governing 2254 Cases. Rule 2 further provides that the petition "must
27  substantially follow either the form appended to these rules or a form prescribed by a

28

local district-court rule. The clerk must make forms available to petitioners without charge." Id. at 2(c).

In addition, Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must dismiss a petition "[i]f it plainly appears from the petition . . . that the petitioner is not entitled to relief." Rule 4 of the Rules Governing 2255 Cases; see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990).

Petitioner is advised that an amended petition supercedes the original petition, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading." Local Rule 220. Accordingly, Petitioner's last filed amended petition must contain all the claims Petitioner wishes to present before the Court. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)). The Court will grant Petitioner leave to determine the pleadings and exhibits he wishes to include in the instant petition.

It is HEREBY ORDERED that:

1. Petitioner's motion for extension of time to file an opposition to the Findings and Recommendation is GRANTED. Petitioner shall have an additional thirty (30) days from the date of issuance of this order to file his opposition;

2. Petitioner's motion to amend is GRANTED. Petitioner shall have thirty (30) days from the date of service of this Order to SUBMIT an AMENDED PETITION. The amended petition should be clearly and boldly titled "AMENDED PETITION," contain the appropriate case number, and be an original signed under penalty of perjury;

3. The Clerk of Court is DIRECTED to send Petitioner a blank form petition for petitioners filing pursuant to 28 U.S.C. § 2254; and,

4. Petitioner is forewarned that his failure to comply with this order may result in a recommendation that the petition be dismissed pursuant to Local Rule 110.

IT IS SO ORDERED.

Dated:   May 17, 2016              /s/ *Michael J. Seng*
                                           UNITED STATES MAGISTRATE JUDGE