IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL XAVIER BRYANT,<br><br>　　　　　　　　　Petitioner,<br><br>　　v.<br><br>W. MUNIZ,<br><br>　　　　　　　　　Respondent. | Case No. 1:16-cv-00190 MJS (HC)<br><br>**ORDER TO SHOW CAUSE WHY MOTION TO STAY SHOULD BE GRANTED**<br><br>**(Docs. 16-17, 29)** |

## I.　Introduction

Petitioner is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges a February 13, 2013 conviction from the Kern County Superior Court for first degree murder, attempted murder, shooting at an inhabited dwelling, and various firearm and gang enhancements. (Pet., ECF No. 1.) In his original petition, Petitioner presented five claims for relief based on claims previously presented to the state courts in his direct appeals to the California Court of Appeal and California Supreme Court. (See Pet.)

On February 11, 2016, the Court screened the petition, and ordered Respondent to file a response to the petition. On April 21, 2016, Petitioner moved the Court to stay the petition to introduce two additional claims he had yet to exhaust in state court. (ECF

No. 17.) Petitioner also moved to amend the petition May 9, 2016. (ECF No. 19.) The Court granted the motion to amend, however, recommended that the motion to stay be denied without prejudice as the unexhausted claims were not included in the original petition. (ECF Nos. 17, 22.) Petitioner filed a first amended petition on June 16, 2016, asserting three additional, yet to be exhausted claims. (Am. Pet., ECF No. 26.) Further, on July 29, 2016, Petitioner filed a renewed motion to stay the amended petition while he attempts to exhaust remedies in state court. (Mot. to Stay, ECF No. 29.) Petitioner asserts that he presented the three newly added claims to the California Supreme Court on June 16, 2016. (Id.)

## II. Legal Standards

### A. Exhaustion of State Remedies

The exhaustion of available state remedies is a prerequisite to a federal court's consideration of claims presented in habeas corpus proceedings. See Rose v. Lundy, 455 U.S. 509, 102 S.Ct. 1198, 71 L. Ed. 2d 379 (1982); 28 U.S.C. § 2254(b). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir.2000), amended, 247 F.3d 904 (2001). In Duncan, the United States Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "'opportunity to pass upon and correct alleged violations of the prisoners' federal rights" (some internal quotation marks omitted). If state courts are

> to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366. The Ninth Circuit examined the rule further, stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court *unless he specifically indicated to that court that those claims were based on federal law*. See Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the *petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident,"* Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. Hiivala v. Wood, 195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .
>
> In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

Lyons, 232 F.3d at 668-669 (italics added).

**B.  Stay and Abeyance**

A court may stay a petition and hold it in abeyance pursuant to either Kelly v. Small, 315 F.3d 1063 (9th Cir. 2002), or Rhines v. Weber, 544 U.S. 269, 125 S. Ct. 1528, 161 L. Ed. 2d 440 (2005). See King v. Ryan, 564 F.3d 1133, 1135 (9th Cir. 2009). Kelly and Rhines set out different procedures and requirements for imposing a stay. Under Kelly, the petitioner amends his petition to delete any unexhausted claims. The court then stays and holds in abeyance the amended, fully exhausted petition, allowing the petitioner the opportunity to proceed to state court to exhaust the deleted claims. Id. (citing Kelly, 315 F.3d at 1070-71.) Later, the petitioner amends his petition to add the newly-exhausted claims to the original petition. Id. Under Rhines, a petitioner must meet three pre-conditions for a stay of a mixed petition: (1) a finding of good cause for petitioner's failure to exhaust all his claims before filing his habeas action; (2) a finding that the unexhausted claims are potentially meritorious; and (3) no indication that the

petitioner engaged in intentionally dilatory tactics. Rhines, 544 U.S. at 278. If all three preconditions exist, the court should stay the habeas case and hold it in abeyance, leaving the mixed petition intact while the petitioner returns to state court to present his unexhausted claims.

The Ninth Circuit has found that "'a motion to stay and abey section 2254 proceedings' to exhaust claims 'is generally (but not always) dispositive of the unexhausted claims,'" and that Magistrate judge must present findings and recommendations to a District Court Judge, rather than rule on the motion. Bastidas v. Chappell, 791 F.3d 1155, 1163 (9th Cir. 2015); Mitchell v. Valenzuela, 791 F.3d 1166, 1173-74 (9th Cir. 2015).

**III.   Analysis**

Petitioner has requested to stay this case and hold it in abeyance to allow him to attempt to exhaust three new claims. Petitioner's request to stay of his petition containing mixed claims (i.e., both exhausted and unexhausted claims) is proper. However, taking judicial notice of the docket of Petitioner's state habeas petition on California Supreme Court's website (See Harris v. County of Orange, 682 F.3d 1126, 1132 (9th Cir. 2012)), it appears that the state petition was denied on August 10, 2016.

As the petition to the California Supreme Court was denied, Petitioner's claims may have been exhausted, thereby eliminating the need for a stay. Accordingly, the Court orders Petitioner to show cause why the motion to stay should be granted. Should Petitioner concede that the claims have been exhausted in state court, Petitioner may request to withdraw the motion to stay.[1] If so, the Court will review the amended petition, and, if appropriate, provide Respondent an opportunity to file a response to the claims of the amended petition.

**V.   Order**

Petitioner is hereby ORDERED to show cause why the motion to stay (ECF No.

---
[1] Such a request should be accompanied by copies of the state petition and the resulting decision from the California Supreme Court.

29) should be granted. A response to this order, or a notice to withdraw the motion to stay is due within thirty (30) days of the issuance of this order. Petitioner is forewarned that failure to follow this order may result in sanctions, including the dismissal of the petition without prejudice. (Local Rule 110.)

IT IS SO ORDERED.

Dated: September 12, 2016                    /s/ *Michael J. Seng*
                                             UNITED STATES MAGISTRATE JUDGE