UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL XAVIER BRYANT,<br><br>Petitioner,<br><br>v.<br><br>W. MUNIZ,<br><br>Respondent. | No. 1:16-cv-00190-DAD-HBK<br><br>ORDER DENYING PETITIONER'S *EX PARTE* MOTION REQUESTING A WRIT OF MANDAMUS<br><br>(Doc. No. 59) |

Petitioner Samuel Xavier Bryant is a state prisoner previously proceeding *pro se* and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. Nos. 1, 5.) On March 28, 2019, petitioner was denied habeas relief, judgment was entered, and the case was closed. (Doc. Nos. 57, 58). On December 21, 2020, almost two years later, petitioner filed an *ex parte* motion seeking a writ of mandamus from this court, ordering the U.S. Social Security Administration to release certain "Mental Health records." (Doc. No. 59). Petitioner asserts that the records "would indicate he was denied due process . . . [a]nd []show that petitioner had no such intent to commit said crime of first degree murder. (*Id*. at 1.)

The court is unable to issue the relief petitioner seeks because of the procedural posture of the case and because it lacks jurisdiction over the U.S. Social Security Administration.  Petitioner has provided no authority that allows this court to issue an order in this closed case requiring a

1

non-party to provide petitioner with his records.  To the extent petitioner seeks relief from this court's judgment[1] or seeks to appeal the judgment to the Ninth Circuit Court of Appeals, the time for doing so has passed.  Fed. R. App. P. 4(a)(1). To the extent petitioner continues to seek an order requiring the U.S. Social Security Administration to release his records to him, he must seek this relief in a new, properly filed action seeking writ of mandamus.  This court's order dismissing petitioner's request does not foreclose the ability of petitioner to seek this relief, if he believes it is necessary, but only prohibits him from seeking that relief in this action.[2]

Accordingly, petitioner's *ex parte* motion for writ of mandamus (Doc. No. 59) is denied.

IT IS SO ORDERED.

Dated:   **January 22, 2021**

UNITED STATES DISTRICT JUDGE

---

[1] Although, a party may—within a short timeframe—move to alter, amend, or seek relief from a judgment, neither the Federal Rules of Civil Procedure nor the Local Rules provide a mechanism for a petitioner to seek relief in a case closed for upwards of two years.  *See* Federal Rules of Civil Procedure Rules 59(e), 60(b).

[2] However, petitioner is forewarned that "the writ of mandamus is a drastic and extraordinary remedy reserved for really extraordinary causes." *In re Van Dusen*, 654 F.3d 838, 840 (9th Cir. 2011) (quotations omitted)); *see also Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 289 (1988) ("This Court repeatedly has observed that the writ of mandamus is an extraordinary remedy, to be reserved for extraordinary situations.").